UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **CLAUDE T. HARRELL, JR., Regional Director of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,**<br><br>**Petitioner,**<br><br>vs.<br><br>**RIDGEWOOD HEALTH CARE CENTER, INC.; RIDGEWOOD HEALTH SERVICES, INC.,**<br><br>**Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **CASE NO. 6:14-CV-2075-SLB**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This case is before the court on Motion for Attorneys' Fees and Costs,[1] filed by respondents, Ridgewood Health Care Center, Inc., and Ridgewood Health Services, Inc. ["the Ridgewoods]. (Doc. 34.)[2] Petitioner, Claude T. Harrell, Jr., Regional Director of the National Labor Relations Board ["Director"], for and on behalf of the National Labor

---

[1] Respondents' Motion for Attorneys' Fees and Costs does not include a request for costs under 28 U.S.C. § 2412(a)(1). (*See generally* doc. 34.) Section 2412(a)(1) states:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in [28 U.S.C. § 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . . A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Relations Board ["NLRB"], opposes the respondents' Motion, arguing his position in this case was substantially justified and, if the court finds that his position was not substantially justified, certain items claimed by respondents are unreasonable.[3] (*See generally* doc. 36.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that respondents' Motion for Attorneys' Fees and Costs, (doc. 34), is due to be granted in part and denied in part.

Respondents, Ridgewood Health Care Center, Inc. and Ridgewood Health Services, Inc. [the Ridgewoods], ask the court to award them attorneys' fees pursuant to the 28 U.S.C. § 2412(d)(1) of the Equal Access to Justice Act [EAJA], which provides:

> (A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by . . . the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[3]In the Conclusion section of his Opposition to Respondents' Motion for Attorneys' Fees and Costs, the Director states, "Respondents have failed to establish adequately that they are a 'party' under [the] EAJA." (Doc. 36 at 18.) The EAJA defines "party" to "mean[ ] . . . any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed . . . ." 28 U.S.C. § 2412(d)(2)(B). The Director's Opposition contains no argument explaining why the Ridgewoods do not meet the definition of parties under the EAJA. (*See generally* doc. 36.) Given this lack of meaningful discussion, the court finds that the Director did not intend to contest the Ridgewoods' status as parties under the EAJA. Nevertheless, in light of evidence submitted by the Ridgewoods with their Motion, the court finds that they satisfy the EAJA's definition of a party by virtue of their net worth and number of employees on the date the Director's Petition was filed. (*See* doc. 34 at 26, 30.)

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1). To satisfy the terms of this section, the Ridgewoods must show or allege: (1) they are the prevailing party in this action brought by the United States, (2) their Motion for Attorneys' Fees was timely filed, (3) the position of the United States was not substantially justified, and (4) there are no special circumstances that make an award of attorney's fees unjust. *Canady v. Sullivan*, 893 F.2d 1241, 1243 (11th Cir. 1990). "The absence of any one of the above factors shall preclude an award of fees." *Id*. However, if the Ridgewoods demonstrate their entitlement to an EAJA award, "there remains the question whether the ***amount*** of the [requested] award is proper." *Jean v. Nelson*, 863 F.2d 759, 769 (11th Cir. 1988)(emphasis added).

The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), set forth the following principals that "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party:'"[4]

---

[4]*Hensley*, 461 U.S. at 433 n.7.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court . . . should exclude from [its] initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980)(en banc)(emphasis in original).

*Hensley*, 461 U.S. at 433-34.

## A. SUBSTANTIALLY JUSTIFIED

The Director contends that his position in seeking injunctive relief pursuant to Section 10(j) of the National Labor Relations Act ["NLRA"] was substantially justified because an injunction was necessary to preserve the Board's remedial authority by preventing irreparable harm to employees' statutory rights:

> Petitioner had reasonable cause to believe that Respondents had, *inter alia*, unlawfully refused to hire employees of its predecessor and unlawfully refused to recognize and bargain with Union. Petitioner's case was supported by affidavits, exhibits, the transcript of the administrative hearing, and, ultimately, a decision by the Administrative Law Judge.
>
> Petitioner was also substantially justified in his position that injunctive relief was necessary to preserve the Board's remedial authority by preventing

> irreparable harm to employees' statutory right to be represented by their chosen Union. Petitioner's position was supported by well-established precedent recognizing the harms that result from a successor employer's refusal to hire employees or recognize their incumbent union as well as by evidence that Respondents' actions were having a "chilling" effect on employees' willingness to support their Union.

(Doc. 36 at 3.)

The Ridgewoods argue, "[B]ecause the Director lacked specific evidence that the unfair labor practices alleged were 'egregious' or that 'without such relief, any final order of the Board will be meaningless or so devoid of force that the remedial purposes of the NLRA will be frustrated,' the Director was not 'substantially justified' in seeking § 10(j) relief in this Circuit, and the Court should grant Respondents' Motion." (Doc. 37 at 2.)

"The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997)(quoting *City of Brunswick v. United States,* 849 F.2d 501, 504 (11th Cir. 1988)) And, "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – i.e. when it has a reasonable basis in both law and fact." *Id*. (quoting *United States v. Douglas*, 55 F.3d 584, at 588 (11th Cir. 1995)(quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))). "'[T]he legal merits of the government's position' does not address simply whether the Government won or lost, because 'the Government . . . could take a position that is substantially justified yet lose.' The issue is not whether the Government's position was correct but whether it was 'reasonable,' which depends largely on the 'clarity of the governing law.'" *Nat'l Fed'n of Republican Assemblies v. United States*,

5

263 F. Supp. 2d 1372, 1378 (S.D. Ala. 2003)(quoting *Pierce,* 487 U.S. at 569). The government's position may be "unreasonable under the law of this Circuit," if it reli[es] on a legal theory that has been clearly and repeatedly rejected by [the Eleventh Circuit]." *Enerhaul, Inc. v. N.L.R.B.*, 710 F.2d 748, 751 (11th Cir. 1983).

As set forth in detail in the court's Memorandum Opinion, the law of this Circuit requires the Director to show that an interim injunction, pending the final decision of the NLRB, is "just and proper." *N.L.R.B. v. Hartman & Tyner, Inc.*, 714 F.3d 1244, 1250 (11th Cir. 2013)(citing *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 371 (11th Cir. 1992); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1188-89 (5th Cir. 1975)). The former Fifth Circuit, in a decision binding on this court, held:

> Section 10(j) is itself an ***extraordinary*** remedy to be used by the Board ***only*** when, in its discretion, an employer or union has committed such ***egregious unfair labor practices*** that any final order of the Board will be ***meaningless*** or ***so devoid of force that the remedial purposes of the Act will be frustrated***.

*Pilot Freight*, 515 F.2d at 1192 (5th Cir. 1975)(emphasis added);[5] *see Arlook*, 952 F.2d at 374 ("In clarifying the standards governing § 10(j) and reaching a decision in this case, we do not stray from the principle, followed by our predecessor court and every circuit court thereafter, that injunctive relief pursuant to § 10(j) is an ***extraordinary*** remedy, to be

---

[5]The Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions issued prior to October 1, 1981, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), and all former Fifth Circuit Unit B decisions issued after October 1, 1981, *Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 34 (11th Cir. 1982).

requested by the Board and granted by a district court *only under very limited circumstances*. That essential principle is what dams the potential flood of § 10(j) injunction petitions.")(internal citations omitted; emphasis added).  Therefore, under binding circuit precedent, the mere occurrence of unfair labor practices does not prove those unfair labor practices are "egregious" or extraordinary deserving of immediate remedial relief.

In this case, the Director did not present evidence of egregious or extraordinary unfair labor practices.  Moreover, he relied on a generalized argument that a § 10(j) injunction was "just and proper" because (1) this case was a successorship case and (2) other courts had granted temporary injunctions in successorship cases.  The evidence he did cite from the transcript was largely insufficient to support his argument or actually contradicted his argument.[6]  No reasonable person, with knowledge of the facts and the law of this Circuit, would find the Director's position was substantially justified.

Therefore, the Ridgewoods' Motion for Attorneys' Fees is due to granted.

---

[6]For example, in the Memorandum Opinion, the court noted that the Director had alleged that some "Preferred employees" were "coerced . . . to reveal that they aid Union dues." (Doc. 30 at 15 [citing doc. 17 ¶ 17(citing TR Wilbert at 131; TR Davidson Ramos at 150)].)  However, the court held, "The evidence cited by the Director shows that five applicants were questioned, directly or indirectly, about their Union membership, but no employee was coerced or felt coerced into talking about their Union membership or Union support.  Although the Director asserts that the Ridgewoods *coerced* job applicants to reveal Union membership, 'coercion' implies a use of force or a threat to compel the person to act. Absolutely nothing in the record cited by the Director indicates that the interviewers did anything more than ask and no applicant testified that he or she felt compelled or threatened to reveal Union membership or support." (*Id*. at 16 [emphasis in original].)

**B.  REASONABLENESS OF AMOUNT REQUESTED**

   **1.  Prepetition Fees**

   The Director contends:

> Respondents' counsel Ashley Hattaway's billing records on October 1, 7, 8 and 16, 2014, reflect hours of work that included settlement discussions. It is critical to note that Petitioner did not file its petition for injunction until October 27, 2014.  Attorney hours spent prior to the filing of an action in federal court are not compensable to the extent they reflect efforts to resolve the underlying administrative matter.  *See Pollgreen v. Morris*, 911 F.2d 527, 533 n. 7 (11th Cir. 1990).  Accordingly, to the extent that the activities billed between October 1 and October 20, 2014, relate to settlement or other discussion of the underlying unfair labor practices, their inclusion in any EAJA award related to Section 10(j) litigation is unwarranted.  Further, Respondents claim for reimbursement for Hattaway's charges on October 3 and 7, 2014, for time she allegedly spent "preparing" for an injunction hearing *weeks before the petition seeking such hearing was filed* should be disallowed.

(Doc. 36 at 15-16 [footnote omitted; emphasis in original].)  In response to the Director's opposition, the Ridgewoods reduced their claim for attorney's fees for the challenged billable hours by 2.8 hours to account for time spent negotiating a settlement of this matter; they argue the remaining time was reasonably spent in defense of this case.  (Doc. 37 at 9 and n.5.)  The court agrees.  Therefore, no further adjustment is warranted.

   "To the extent that [the pre-Petition] hours can be attributed to the civil action, they are permissible under the EAJA."  *Pollgreen v. Morris*, 911 F.2d 527, 536 (11th Cir. 1990). The court finds that counsel's time spent in preparation for the hearing on the Director's Petition before the Petition was actually filed is time that can be attributed to the civil action. As the court gleans from the record, the filing of the § 10(j) Petition was a near certitude

8

weeks before the Director actually filed it. Given complicated and crowded calendars, counsel could not guarantee that, once the court set the hearing, she would have adequate time to prepare. Certainly, the amount of time claimed to be in preparation for the hearing is not excessive. Therefore, the court finds no deduction to the claimed hours is warranted for time spent preparing for the hearing on the Director's Petition.

### 2. Post-Petition Hours

The Director objects to 3.4 hours of attorney Carlton Hilson; he argues:

> [B]illing records for counsel Carlton Hilson show 2.2 hours on November 7, 2014, for "working on argument re: sanctions and attorneys' fees under" [the] EAJA and 1.2 hours on November 12, 2014, for "revisions to Joette Brown's affidavit consistent with revisions to facts section of brief." As above, the former is not exclusively related to defending against the petitioned-for injunction, and the latter is a dubious activity not warranting reimbursement. Thus, these claims should be disallowed.

(Doc. 36 at 16.)

The law is well settled that "fees for fees" – attorneys' fees for time spent seeking EAJA fees – are allowable under the EAJA. *Jean v. Nelson*, 863 F.2d 759, 779-80 (11th Cir. 1988). "Since [the EAJA] primarily assures prevailing [parties] their reasonable attorney's fees, it would be ironic if claiming those very fees – which would have been unnecessary if not for the government action – was the one act for which a claimant could not receive compensation." *Id*. at 779 (quoting *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 707 (2d Cir. 1987)). Therefore, the Eleventh Circuit has held, "It would contravene Congress's purpose in passing the EAJA to require under all circumstances that

9

successful EAJA fee applicants bear the costs of obtaining EAJA fees." *Id*. at 780. The court finds the Director's objection to these fees as "not exclusively related to defending against the petitioned-for injunction" is due to be overruled.

The court finds no "dubious activity" regarding the revision to Brown's affidavit. Certainly as a document is drafted and edited changes will be made either to correct errors found in proofreading or because some facts are removed or added as needed. The court finds no evidence to suggest that Hilson fabricated Brown's testimony or any other indication that Brown's testimony was not true. The court finds no deduction for the time spent revising Brown's affidavit is warranted.

Therefore, the court finds that the Ridgewoods are entitled to attorneys' fees of $45,824.35, which is 246.5 hours at $185.90 per hour.

**3. Paralegal Time**

The Director objects to the hours and rate claimed by the Ridgewoods "for work performed by paralegal Sara E. McAlister." (Doc. 36 at 17.) He argues:

> The Eleventh Circuit has recognized that fees for work by a paralegal may be recovered under the EAJA to the extent that the paralegal performs work traditionally done by an attorney. *Jean v. Nelson,* 863 F.2d 759 (11th Cir. 1988). However, the work [McAlister] performed on January 30, 2015, "compilation of materials re: Plaintiff's Motion for Reconsideration and [Errata] of same," appears to be clerical or ministerial in nature, as does the "electronic filing" she carried out on April 8, 2015. These claims should be disallowed.
>
> Most critically, Respondents have not justified the $127.50/hour fee claimed for paralegal services. To determine the prevailing market rate for such services, courts consider the customary rate for similar work in the

10

> community. . . . Accordingly, any fees allowed for paralegal services should be calculated at a reasonable hourly rate not to exceed $85.

(*Id*. at 17-18.) In reply, the Ridgewoods contend, "The recent decisions of this court reflect that $127.50 per hour is a reasonable hourly rate for paralegals. *See, e.g., Evans v. Books-A-Million,* 907 F. Supp. 2d 1284, 1307-08 (N.D. Ala. 2012)(awarding paralegal a rate of $145 per hour); *see also Ruderinan ex rel. Schwartz v. Washington Nat. Ins. Corp.,* 465 Fed. Appx. 880, 882 (11 th Cir. 2012)(awarding paralegal rate of $125)." (Doc. 37 at 10.) Neither of the decisions cited by the Ridgewoods involved a claim for fees under the EAJA.

The Eleventh Circuit has held: "In the context of a Title VII case, we have held that paralegal time is recoverable as 'part of a prevailing party's award for attorney's fees and expenses, [but] *only to the extent that the paralegal performs work traditionally done by an attorney*.' The same analysis applies [in an EAJA case]." *Jean*, 863 F.2d 759, 778 (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982))(emphasis in *Jean*).[7]

> Paralegal fees can be recovered "only to the extent that the paralegal performs work traditionally done by an attorney," *Allen*[,] 665 F.2d [at] 697 . . . , which includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations and drafting correspondence," *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989), but not "clerical work, compilation of facts and statistics and other work which can often be accomplished by non-

---

[7]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

lawyers," *Johnson v. Georgia Hwy. Exp., Inc.,* 488 F.2d 714, 717 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989).

*Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310-11 (S.D. Fla. 2009).

The Director challenges two entries: (1) "Compilation of materials re: Plaintiff's Motion for Reconsideration and Errata of same," on January 30, 2015, and (2) "Revising Response to Motion to Supplement Record and electronic filing of same" on April 8, 2015. The court finds that these entries appear to be for clerical work, not work traditionally performed by an attorney. Therefore, the Director's objections to these hours claimed are sustained and the Ridgewoods' Motion for Attorneys' Fees will be denied as to these hours.

The court notes that the Ridgewoods have not established the "prevailing market rate" for McAlister. However, Ronald Flowers, counsel for the Ridgewoods, testified that McAlister had been a paralegal with the firm since 2012 and the $127.50 per hour billed to the Ridgewoods was a discount of her normal hourly rate. (Doc. 34 at 36, 38.) The Director contends that $85 per hour is a reasonable rate for McAlister. (Doc. 36 at 18.) Considering all the circumstances, including rates this court has award other paralegals,[8] the court finds that an hourly rate of $127.50 is reasonable. *See Martinez v. Hernando Cty. Sheriff's Office*, 579 Fed. Appx. 710, 714 (11th Cir. 2014)("[T]he district court is entitled to rely on its own

---

[8]This court awarded $150 per hour for all work performed a one of several paralegals performing work in *Hall v. Siemens VDO Auto. Elecs. Corp.*, No. 5:06-CV-1208-SLB, 2014 WL 1329553, *6 (N.D. Ala. Mar. 31, 2014); the reasonable rate for the work of the other paralegals in that case was set at $100 and $105 per hour, *id.*

experience and judgment in coming to a reasonable hourly rate." (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988))).[9]

Therefore, the court finds a reasonable fee for the services rendered by Sara McAlister is $191.25, which is 1.5 hours at $127.50 per hour.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the Ridgewoods are entitled to attorneys' fees in the amount of $46,015.60. An Order granting in part and denying in part the Motion for Attorneys' Fees and Costs, (doc, 34), and awarding the Ridgewoods $46,015.60, representing their attorneys' fees in this action, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 18th day of May, 2016.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE

---

[9]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).