UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| CLAUDE T. HARRELL, JR., Regional Director of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,<br><br>Petitioner,<br><br>vs.<br><br>RIDGEWOOD HEALTH CARE CENTER, INC.; RIDGEWOOD HEALTH SERVICES, INC.,<br><br>Respondents. | CASE NO. 6:14-CV-2075-SLB |

## MEMORANDUM OPINION

This case is before the court on Supplemental Filing in Support of its Petition for Attorneys' Fees, (doc. 38),[1] filed by respondents, Ridgewood Health Care Center, Inc., and Ridgewood Health Services, Inc. ["the Ridgewoods"]. The Ridgewoods seek an additional award of $11,054.80, for attorneys' fees spent in support of its EAJA Motion, so-called "fees for fees."[2] Petitioner, Claude T. Harrell, Jr., Regional Director of the National Labor Relations Board ["Director"], for and on behalf of the National Labor Relations Board ["NLRB"], did not file any opposition to the Supplemental Filing, despite the opportunity

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The court deems this Supplemental Filing to be a new motion for attorneys' fees because it was filed after the Ridgewoods filed their Reply Brief in Support of their Petition for Attorneys' Fees and because it sought fees to which the Director had not had an opportunity to object.

to do so. (*See* doc. 41.) Upon consideration of the record, the Ridgewoods' submission, and the relevant law, the court is of the opinion that respondents' Supplemental Filing in Support of its Petition for Attorneys' Fees, (doc. 38), is due to be granted in part and denied in part.

The court has previously held that the Ridgewoods are entitled to an EAJA fee award and that "[t]he law is well settled that 'fees for fees' – attorneys' fees for time spent seeking EAJA fees – are allowable under the EAJA." *Harrell v. Ridgewood Health Care Ctr., Inc.*, No. 6:14-CV-2075-SLB, 2016 WL 2894105, *4-5 (N.D. Ala. May 18, 2016)(citing *Jean v. Nelson*, 863 F.2d 759, 779-80 (11th Cir. 1988)). Therefore, the only remaining question is "whether the ***amount*** of the [requested] award is proper." *Jean*, 863 F.2d at 769 (emphasis added).

The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), set forth the following principals that "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party:'"

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court . . . should exclude from [its] initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important

component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980)(en banc)(emphasis in original).

*Hensley*, 461 U.S. at 433-34 and n.7.

## I. PARALEGAL TIME

The Ridgewoods claim 7.3 hours of work performed by their counsel's paralegal, Sara McAlister. This work consists of compiling caselaw and revising the EAJA petition. (*See* doc. 38-1 at 8-9.) This court has previously held that entries for compiling and revising "appear to be for clerical work, not work traditionally performed by an attorney." *Ridgewood Health Care Ctr.*, 2016 WL 2894105 at *6 (N.D. Ala. May 18, 2016). Therefore, these hours are not recoverable under EAJA. *See Jean*, 863 F.2d 759, 778 (quoting *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982));[3] *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310-11 (S.D. Fla. 2009)(citing, *inter alia*, *Allen*, 665 F.2d at 697).

The court will deny the Ridgewoods' claim for 7.3 hours of paralegal time.

## II. ATTORNEYS' TIME

The Ridgewoods claim 54.5 hours was spent by their attorneys preparing the EAJA fee petition, reviewing the opposition brief, and filing a reply brief. The court finds that the

---

[3]The Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions issued prior to October 1, 1981, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), and all former Fifth Circuit Unit B decisions issued after October 1, 1981, *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

amount of time spent seeking EAJA fees was not unreasonable or unnecessary. Moreover, the Director did not file any opposition to the supplemental motion for additional fees, despite the opportunity to do so. Therefore, the court will allow the 54.5 hours claimed.

Previously, the court awarded counsel fees for the Ridgewoods at an hourly rate of $185.90. *Ridgewood Health Care Ctr., Inc.*, 2016 WL 2894105 at *5. The court has no cause to consider a different hourly rate. Therefore, the court finds that the Ridgewoods are entitled to attorneys' fees of $10,131.55, which is 54.5 hours x $185.90 per hour.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that the Ridgewoods are entitled to attorneys' fees in the amount of $10,131.55, for work performed by their attorneys to recover attorneys' fees, but not the paralegal fees. An Order granting in part and denying in part their Supplemental Filing, (doc. 38), and awarding the Ridgewoods $10,131.55, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 1st day of June, 2017.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE
